UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOROTHY CARPENTER, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Case No. 18-cv-05710 |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, ) | |
| ) | |
| DEFENDANT. ) | Jury Demanded |

## COMPLAINT

Plaintiff, Dorothy Carpenter, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Defendant attempted to collect a debt that was not owed and communicated false information to a third party, harming Plaintiff's reputation.

4. Plaintiff has suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F.2d 1521, 2526-27 (7th Cir. 1990) ("Congress can create

1

new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5. Plaintiff, Dorothy Carpenter ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Capital One Bank USA N.A. credit card account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant Portfolio Recovery Associates, LLC, ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois

7. PRA is authorized to conduct business in Illinois, and maintains a registered agent at Illinois Corporation Service Co, 801 Adlai Stevenson Drive, Springfield, IL 62703. (Exhibit A, Record from the Illinois Secretary of State).

8. PRA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. PRA holds a collection agency license from the state of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

10. PRA's primary business is the purchase, collection and management of portfolios of nonperforming loans that have been charged-off by the credit grantor. *See* PRA Group, Inc.,

Annual Report (2016 Form 10-K), at 5, available at http://ir.pragroup.com/annuals-proxies.cfm (viewed Sep. 22, 2017).

11. The principal purpose of PRA's business is the collection of debts, as it does not receive any significant revenue from other operations. *Id*.

12. PRA is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

### FACTUAL ALLEGATIONS

13. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Capital One Bank USA N.A. consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

14. PRA subsequently purchased the alleged debt and began its collection efforts.

15. In March of 2018, PRA communicated credit information regarding the alleged debt to the Experian consumer reporting agency, including an account number, the date reported, and a balance due of $7,483. (Exhibit C, Redacted Excerpt from Plaintiff's Experian Report).

16. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

17. Plaintiff does not owe any debt to Portfolio Recovery Associates.

18. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on March 12, 2018, sent a letter to PRA indicating that Plaintiff disputed the alleged debt. (Exhibit D, Dispute Letter).

19. PRA received Plaintiff's dispute on March 12, 2018.

20. On April 13, 2018, PRA sent a letter to Plaintiff in response to Plaintiff's dispute letter. ("Cancellation Letter"). (Exhibit E, Cancellation Letter).

21. The Cancellation Letter confirms that no debt is owed to PRA and states, in relevant part:

> **"Portfolio Recovery Associates, LLC ("PRA, LLC") has concluded its investigation of your dispute and is closing your account."**

22. Defendant closed Plaintiff's account because Plaintiff never owed the alleged debt.

23. PRA should not have attempted to collect the alleged debt at all.

24. 15 U.S.C. § 1692eof the FDCPA provides as follows:

**False or Misleading Representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2)The false representation of—**
   **(A) the character, amount, or legal status of any debt;**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

25. PRA falsely misrepresented the character and amount of a debt when it attempted to collect the alleged debt from Plaintiff, which Plaintiff did not owe, in violation of 15 U.S.C. §§ 1692e(2).

26. PRA threatened to take an action that cannot legally be taken when it attempted to collect $7,483.00 for a Capital One Bank USA N.A. debt which Plaintiff did not owe to PRA, in violation of 15 U.S.C. §§ 1692e(5).

4

27. PRA's communications caused Plaintiff to experience negative emotions, including annoyance, aggravation, and other garden variety emotional distress.

28. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

30. PRA falsely misrepresented the character and amount of a debt when it attempted to collect the alleged debt from Plaintiff, which Plaintiff did not owe, in violation of 15 U.S.C. §§ 1692e(2).

31. PRA threatened to take an action that cannot legally be taken when it attempted to collect $7,483.00 for a Capital One Bank USA N.A. debt which Plaintiff did not owe, in violation of 15 U.S.C. §§ 1692e(5).

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

      A. Actual damages pursuant to 15 U.S.C. § 1692d(a)(1);

      B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

      C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

      D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: <u>s/Celetha Chatman</u>
    One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com